## McDonald et al. v. Hallicy.

1. Contracts—Sales.

A sale of chattels was made conditioned upon payment of the price at
a certain time. The bill of sale and other papers were deposited
with a third person and the sale was only to be consummated upon
the contingency of the payment of the consideration, which never
occurred. In the meanwhile the vendor remained in possession.
*Held*, the title of the property did not pass.

2. Replevin.

To defeat a plaintiff in an action of replevin, the title of a third party
sought to be established as a defense must be such a one as could
have been successfully asserted by the owner.

3. Same.

The title and right of possession to be tried in an action of replevin is
that existing at the time of the alleged wrongful taking.

4. Evidence—Statements, When Explainable.

Statements and acts of a vendor tending to show that he had "sold
out," occurring after the trade had been agreed upon, and while he
expected it to be consummated, are open to explanation.

*Appeal from the District Court of Kiowa County.*

Previous to March, 1889, one J. W. Graham was engaged
in selling goods in the town of Stuart, Bent county. On
the 14th day of February, 1889, Graham made a bill of sale
of the entire stock of goods to one Allen P. Thurman, who
made no payment, but executed his note and deposited pre-
tended securities maturing in a short time, as collaterals.
The sale was conditioned upon the payment of the note at
its maturity. The bill of sale of the goods, the note made by
Graham, and pretended collaterals of Thurman were deposited
with a third party, one Bollinger, where they were to remain
until the payment for the stock was made by Thurman,
when the sale was to be consummated and full possession
delivered to Thurman. During the interim, before the pay-
ments were due, Graham retained the possession, took charge
of the cash received, etc., but allowed Thurman to partici-
pate in the business for the purpose of becoming familiar

with it, make sales, etc.; also let him put up a sign in his own name upon the store.

Before the maturity of Thurman's note, it was stated upon the trial, but not established by proof, it was found that the collateral put up by Thurman was forged and worthless; but whether such was the fact or not, Thurman left the country. It was said that he absconded. Graham remained in the possession of the goods, the sale to Thurman was never consummated, and the papers remained with the party with whom they were deposited.

On the 25th of March, after Thurman had left the country, Graham being indebted to appellants, sold to them the entire stock of goods, delivered the possession, which was taken and retained by the agent of appellants.

It appears incidentally, but was not in evidence nor was it in the pleading, that after Thurman left, creditors of his sued out attachments before a justice of the peace, and that appellee, a constable, took possession of the stock under them. Appellants brought this suit, and obtained upon their writ the possession of the goods.

A trial was had to a jury, resulting in a verdict for the defendant, and for return of the goods, valued at $925. From such judgment this appeal was prosecuted.

Messrs. ROGERS, CUTHBERT & ELLIS, for appellants.

Mr. O. G. HESS and Mr. G. W. BUTLER, for appellee.

REED, J., delivered the opinion of the court.

The complaint was in the ordinary form. The answer was the code general issue, denying the allegations, except the admission that defendant was in the possession of the property. There was no averment of property in a third party, nor justification under writs. It was said—argued by counsel—that the writs were void and that the attachments were dis-

solved, which · was probably the case, or there would have been an attempted justification. ·

The only defense sought to be established was the ownership of the property by Thurman. It is clearly shown by the evidence that Thurman never was the owner. The sale was conditioned upon the payments being made at a certain time. There was no delivery of the evidence of title. The bill of sale, notes, and pretended securities were deposited with a third person, and the sale was only to be perfected and consummated upon the contingency of the payment of the consideration, which never occurred, nor was any part of the purchase money paid. Before the maturity of the notes, Thurman abandoned all claim and left the country, and the papers remained with the depository. Graham remained the owner and in full possession.

It is a well settled rule of law, that to defeat a plaintiff in an action of replevin, the title in a third party, sought to be established, must be such a one as could have been successfully asserted by the owner, and a bare statement of the case shows the impossibility of Thurman establishing ownership, and the fallacy of the attempt of defendant to protect himself under it. Another well settled rule of the law of replevin is that the title and possession to be tried is that existing at the time of the alleged wrongful taking.

All the evidence introduced by the defendant to establish the title of Thurman was of acts and incidents and the statement of Graham, occurring while the trade was *in limine*, and while Graham expected it to be consummated. The statements of Graham that he had "sold out" are very easily explained, while the acts of Thurman—his connection with the business and putting up a sign—were only *indicia* of ownership, that could be and were rebutted and fully explained.

The witnesses of the defendant, relating these occurrences, also establish the fact that Thurman left the country some two weeks before defendant interfered, and that at that time Graham was in sole possession as owner. All of defendant's testimony was inadmissible. There was no trial of the title

or right to possession at the time of the bringing of the suit. Plaintiffs established their title. Defendant's testimony was all directed to showing that at some former time Graham had said that he had sold out and was not the owner.

There was no competent evidence whatever to warrant the verdict. The court erred in admitting that of the defendant, and also in its instructions to the jury.

The judgment will be reversed and the cause remanded.

*Reversed.*